UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERSKINE SWIFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 01-B-1539-S |
| ) | |
| CITY OF BIRMINGHAM, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

At the conclusion of the plaintiff's case, defendant moved for judgment as a matter of law on plaintiff's claims. After hearing the parties' arguments and considering the relevant case law, the court informed the parties of its decision to grant the motion as to plaintiff's claim under 42 U.S.C. § 1983 and to deny the motion as to plaintiff's claim for assault and battery. The following briefly sets forth the rationale for the court's decision.

### A. SECTION 1983 CLAIM

"The Supreme Court has placed strict limitations on municipal liability under section 1983." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). "[A] municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978)). The city "is not automatically liable under section 1983 even if it inadequately trained or supervised its police officers and those officers violated [plaintiff's] constitutional rights." *Id.* However, a municipality may be liable under section 1983 when "the

municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights." *Id.* (citations omitted). Because a municipality generally does not have an express policy of inadequately training or supervising its employees, "plaintiff may prove a city policy by showing that municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants . . . ." *Id.* "To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id.*

Viewing the facts in the light most favorable to the plaintiff,[1] the court finds that plaintiff presented no evidence at trial sufficient to allow the jury to find defendant had a policy of inadequate training of defendant's police officers with regard to the use of force.

---

[1]The following standards apply to determining a Motion for Judgment as a Matter of Law:

> We consider all the evidence, and the inferences drawn therefrom, in the light most favorable to the nonmoving party. If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion was properly granted. Conversely, if there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions, then such a motion was due to be denied and the case was properly submitted to the jury.

*Williams v. Motorola, Inc.*, 303 F.3d 1284, 1289-90 (11th Cir. 2002)(quoting *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

2

Moreover, plaintiff did not offer any evidence that defendant's failure to train evidenced a "deliberate indifference" to the rights of its inhabitants. Finally, there was no evidence presented that defendant knew of a need to train or supervise officers in a particular area or that it made a deliberate choice not to take action. Therefore, defendant is entitled to judgment as a matter of law on plaintiff's section 1983 claim.

**B. ASSAULT AND BATTERY CLAIM**

Plaintiff alleges that defendant was liable for its officers' negligent assault and battery. Defendant claims that it has state-law immunity.

Section 11-47-190 provides in pertinent part as follows:

> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the ***neglect, carelessness or unskillfulness*** of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty . . . .

Ala. Code. § 11-47-190 (emphasis added).

The Alabama courts have held that a claim against a municipality alleging that its police officer used excessive force in effecting an arrest may be cognizable under § 11-47-190 as a "negligent assault and battery." The theoretical underpinning of such holding appears to rely on a finding that the amount of force used by the officer was greater than that which a skilled or proficient officer would use in similar circumstances. *See Franklin v. City of Huntsville*, 670 So. 2d 848, 852-53 (Ala. 1995); *see also City of Birmingham v. Thompson*, 404 So. 2d 589 (Ala. 1981)("This case was submitted to the jury on the theory that an agent of the City of Birmingham had used 'excessive force' upon the plaintiff . . . .

3

That is the equivalent of asserting an assault and battery not measured or patterned for the circumstances, or an unskilled response . . . . In either case a lack of response measured by the circumstances could have been due to his 'unskillfulness' as an officer confronted by either of those circumstances. As 'unskillful' is used in § 11-47-190, it means 'lacking in skill or proficiency.' An assault and battery committed under either circumstance, because 'unskilled,' would be a negligent assault and battery because it would fall below that response which a skilled or proficient officer would exercise in similar circumstances.").[2]

In 1994, the Alabama legislature granted statutory immunity from tort liability to municipal police officers for "conduct in performance of any ***discretionary*** function within the line and scope of his or her law enforcement duties." Ala. Code § 6-5-338(a) (emphasis added).[3] This immunity, which shields an officer from state-law tort liability when the basis

---

[2]The court is required to follow this line of Alabama cases. However, the court agrees with the rationale in the dissent by Chief Justice Torbert in *City of Birmingham v. Thompson*: "I cannot agree that a battery may be a negligent tort." *City of Birmingham v. Thompson*, 404 So.2d 589, 592 (Ala. 1981)(Torbert, C.J., dissenting)..

[3]Section 6-5-338(a) and (b) state:

(a) Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other

asserted for such liability is that the officer allegedly committed some wrongful act in connection with securing an arrest, is also "intended to extend . . . to . . . governmental units or agencies authorized to appoint peace officers." *See id.* (b). Alabama state courts have afforded discretionary function immunity to officers, and, by extension, municipalities, so long as the officer's actions are within his discretion and are not done willfully, in bad faith, or with malice. *City of Birmingham v. Sutherland*, Nos. 1001327 and 1001458, 2002 WL 475176, *4 (Ala.), *cert. denied* 123 S. Ct. 537 (2002).

"Discretionary functions are those functions as to which 'there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances.' *Wright v. Wynn*, 682 So.2d 1, 2 (Ala.1996). Generally, arrests and attempted arrests are classified as discretionary functions." *Telfare v. City of Huntsville*, No. 1000357, 2002 WL 64554, *4 (Ala. 2002). However, two areas in which Alabama cases have established officer

---

lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such ***shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties***.

(b) ***This section is intended to extend immunity only to peace officers and governmental units or agencies authorized to appoint peace officers***. No immunity is extended hereby to any private non-governmental person or entity, including any private employer of a peace officer during that officer's off- duty hours.

Ala. Code § 6-5-338 (a) & (b)(emphasis added).

5

liability for conduct occurring during an arrest are an arrest without probable cause and use of excessive force because such actions are not within the officer's discretion. *Hawkins v. City of Greenville*, 101 F. Supp. 2d 1356, 1363 (M.D. Ala. 2000)("Alabama cases have pointed out that an officer may be held liable if more force is used than is necessary, and that before any force can be used in making an arrest, probable cause must exist to make a lawful arrest." (citing *Franklin v. City of Huntsville*, 670 So. 2d 848 (Ala. 1995)). Because defendant is entitled to immunity in the manner that its officers are entitled to immunity, defendant is not entitled to immunity for injuries resulting from the negligent or unskillful act of an officer, which is outside the scope of that officer's discretion. Because an officer may be liable for the use of excessive force, defendant may also be liable when the use of excessive force is the result of the officer's lack of skill.[4]

Plaintiff has presented sufficient evidence to allow the factfinder to determine that defendant's officers used excessive force during plaintiff's arrest and that excessive force was used because of the officers' lack of skill. Therefore, defendant's Motion for Judgment as a Matter of Law is due to be denied as to plaintiff's assault and battery claim.

## CONCLUSION

For the reasons stated herein, the court is of the opinion that defendant's Motion for Judgment as a Matter of Law is due to be granted in part and denied in part. The court finds that defendant is entitled to judgment as a matter of law as to plaintiff's section 1983 claim.

---

[4]The *Sutherland* decision does not change this result. Nothing in *Sutherland* indicates that the officer used excessive force or that he did not have probable cause to arrest.

Therefore, defendant's Motion for Judgment as a Matter of Law is due to be granted as to plaintiff's section 1983 claim, such claim is due to be dismissed. Defendant's Motion for Judgment as a Matter of Law is due to be denied as to plaintiff's assault and battery claim. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

    **DONE** this __20th__ day of February, 2003.

                                                   *Sharon Lovelace Blackburn*
                                                   SHARON LOVELACE BLACKBURN
                                                   United States District Judge